**DUNCAN et al. v. CAMERON.**   (No. 3248.)

(Court of Civil Appeals of Texas. Texarkana. May 13, 1926.)

**1. Schools and school districts ⚍97(4)—Judgment upholding validity of election on question whether schoolhouse bonds should be issued, which had been carried by one vote, held justified.**

Judgment upholding validity of election on question whether schoolhouse bonds should be issued, which had been carried by one vote, was justified, where two ballots were unmarked, and one or two who voted against bond issue and one who voted for it were not qualified.

**2. Schools and school districts ⚍97(4)—Constitutionality of election for school bonds cannot be raised in contest of its legality.**

In contest of legality of election, constitutionality of election for schoolhouse bonds cannot be attacked on ground that common school districts have no authority to issue bonds.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Suit to contest an election by Joe Duncan and others against Burr S. Cameron. Judgment overruling the contest, and contestants appeal. Affirmed.

Bartlett & Newland, of Linden, for appellants.

O'Neal & Harvey, of Atlanta, for appellee.

HODGES, J. [1] On August 8, 1925, an election was held in common school district No. 63, in Cass county, to determine whether or not "schoolhouse bonds" should be issued to the amount of $3,000. The returns showed that 69 votes were cast, 34 for and 33 against the bond issue. Appellants filed this contest, in which they challenge the correctness of the returns, and ask for a recount of the votes. They charge that some of the qualified voters who would have voted against the bond issue were denied the privilege of voting, and that others not qualified to vote and who voted for the bond issue were permitted to vote. They also charge that the returns upon their face disclose a fatal irregularity, in that they show a total of 69 votes and only account for 67 votes. The contest was submitted to the trial judge without a jury, who, after hearing the evidence, sustained the validity of the election and overruled the contest. Under the testimony the court had a right to conclude that the polls were kept open for the period of time required by law and that all qualified voters who presented themselves during that time were permitted to vote. The evidence also showed that two of the ballots cast were unmarked and the election officers were unable to tell whether those who cast them desired to vote for or against the bond issue. It was also shown that one or two of those who voted against the bond issue were not qualified to vote, and that one who voted for the bond issue was not qualified. A recount and revision of the returns, according to the testimony, justified the judgment rendered.

[2] Appellants also attack the constitutionality of the election, upon the ground that common school districts have no authority to issue bonds. That question cannot be raised in this contest of the legality of the election.

The judgment is affirmed.